UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:03-CR-64-01-F1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| TEERAN TYRON GRESHAM, | ) | |
| Defendant. | ) | |

This matter is before the court upon the defendant's Motion to Recall the Order [DE-69], in which he seeks an order recalling and re-entering the June 2, 2009, order [DE-68] reducing his sentence from 140 months to 139 months, pursuant to 18 U.S.C. § 3582(c)(2) applying the retroactive crack Amendment 706 to the Sentencing Guidelines ("USSG"). The "crack amendment" order reduced Gresham's sentence in Count Three – conviction for possession with intent to distribute more than 50 grams of crack and more than 500 grams of cocaine – from 80 months to 79 months. The 60-month mandatory minimum sentence on Count Two (possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)) remained unchanged. The court arrived at the reduction as follows:

Gresham's original USSG range for Count Three (the crack count) was 121 to 151 months, based on a total offense level of 31 and criminal history category of II. On motion by the Government at sentencing pursuant to USSG § 5K1.1 and 18 U.S.C. § 3553(e), as well as § 5K2.2, § 5H1.3, and § 5H1.6, the court imposed a sentence of 80 months, representing a 34 percent reduction from the mandatory *minimum* sentence for Count Three. Together with the mandatory 60-month consecutive sentence for the gun conviction, Gresham's total sentence was 140 months.

Gresham's court-appointed counsel moved for a reduction in his sentence pursuant to the retroactive Sentencing Guideline amendment applicable to crack cocaine. *See* Order of May 5, 2009 [DE-67]. Because his crack conviction count – Count Three – carried a mandatory minimum statutory sentence of 10 years (120 months), the bottom of the new USSG range became 120 months (rather than 121 months before the amendment). Allowing Gresham's § 3582(c)(2) motion, the court also applied a reduction from the bottom of the new, 120-month USSG range comparable to the 34 percent reduction applied at the original sentencing. The resulting amended USSG range was 120-121 months.[1] Accordingly, the court amended Gresham's sentence on Count Three to 79 months. Together with the 60-month mandatory minimum consecutive sentence on the gun count, the resulting total sentence, as amended, is 139 months.

Gresham did not appeal the amended sentence, imposed on June 2, 2009. Instead, he began telephoning and writing letters to his attorney advising her that the amended sentence had been incorrectly calculated. *See* exhibits to Motion [DE-69]. He suggested that the attorney file post-judgment motions to correct the sentence. After several exchanges in which his lawyer explained that she had completed the representation for which she had been appointed, Gresham filed a complaint against her with the North Carolina State Bar. *See id.* He did not seek leave in this court for an extension of time to file an appeal until February 2010. *See* [DE-69].

The time within which this court is authorized to extend an appeal deadline for the June 2009, order has long passed. *See* Rule 4(b)(4), FED. R. APP. P. Because the court remains convinced of the correctness of its calculation of the reduction to which Gresham is entitled

---

[1] Gresham contends this USSG range should be 97 to 121 months. However, because Count Three carries a mandatory minimum sentence of 10 years, the bottom of the USSG range may not be less than 120 months.

pursuant to the retroactive USSG crack amendment, the court declines to suggest that the motion be re-designated as a § 2255 motion or otherwise to find good cause for re-opening the June 2009, order for review. Gresham's Motion to Recall the Mandate of June 2, 2009 [DE-69], is DENIED.

This order constitutes a final order which Gresham may appeal if he deems it appropriate to do so.[2]

SO ORDERED.

This, the 30th day of June, 2010.

JAMES C. FOX
Senior United States District Judge

---

[2] The court notes that Gresham obtained an evidentiary hearing in February 2006, in his § 2255 action by alleging his trial counsel rendered ineffective assistance by failing to file a notice of direct appeal although requested by Gresham to do so. See [DE-40] (§ 2255 motion); [DE-53] (order denying motion). After hearing the evidence and rendering findings of fact and conclusions of law, the undersigned denied Gresham's motion to vacate, set aside or correct his sentence.

3